**SAN FILIPO, Appellee,**

**v.**

**SAN FILIPO, Appellant.**

[Cite as *San Filipo v. San Filipo* (1991), 81 Ohio App.3d 111.]

Court of Appeals of Ohio,
Summit County.

No. 15001.

Decided Aug. 21, 1991.

*Timothy Hart,* for appellee.

*William Love II,* for appellant.

---

CACIOPPO, Judge.

The case at bar arises out of a dispute over grandparent visitation. A referee recommended that visitation be granted to the grandfather, Joseph San Filipo. The trial court overruled the mother's objections on October 31, 1990. On January 25, 1991, a judgment entry awarding the grandfather visitation was filed.

Kimberly San Filipo, the child's mother, appeals, asserting one assignment of error.

### Assignment of Error

"The sole issue is whether the order filed in this case was valid due to the judge's signature being that of a person who was no longer a judge."

The journal entry in question was signed by Judge Richard V. Zurz, whose term as judge of the Summit County Court of Common Pleas, Domestic Relations Division, expired at the end of 1990. Zurz's signature on the entry is dated December 10, 1990. The entry, however, is time-stamped January 25, 1991.

It is well recognized that a court speaks through its journals and an entry is effective only when it has been journalized. *State v. Ellington* (1987), 36 Ohio App.3d 76, 77–78, 521 N.E.2d 504, 505. To journalize a decision means that certain formal requirements have been met, *i.e.,* the decision is reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court. *Id.* at 78, 521 N.E.2d at 506.

The judgment in the case at bar could not become effective until it was filed. As Judge Zurz clearly did not have authority to enter judgment on the date the entry was filed, the filing in question was ineffective to grant visitation to Joseph San Filipo. As the document signed by Judge Zurz was

clearly ineffective, this court is not provided with a final appealable order upon which to base a decision.

Accordingly, the case *sub judice* is dismissed.

*Appeal dismissed.*

BAIRD, P.J., and COOK, J., concur.