This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Clifford Weber, appeals from the judgment entered by the Lorain County Court of Common Pleas, Domestic Relations Division, finding him in contempt for failure to comply with the property settlement ordered by the court. We affirm.
Appellant and Appellee, Lorraine Hrovat, were divorced on November 29, 1994. Pursuant to the divorce, Appellant was ordered to return certain property to Appellee. On February 4, 1998, Appellee moved to require Appellant to show cause as to why Appellant had willfully refused to return the property as previously ordered. On April 7, 1998, the trial court approved the magistrate's findings and decision that found Appellant in contempt as an "interim order" to become final unless objections were filed and not disposed of pursuant to Civ.R. 53(E)(2). Appellee was fined $250.00 and ordered to serve ten days incarceration for the contempt. The court, however, gave Appellee the opportunity to purge the contempt by paying Appellant $6,500.00 through monthly installments. Sentencing hearings were set for each month but were to be continued if Appellant faithfully completed his payment obligations.
On April 20, 1998, Appellant moved (1) to stay the interim order, (2) for findings of fact and conclusions of law, and (3) for an enlargement of time to object to the magistrate's decision. On April 21, 1998, the court granted Appellant's motion for enlargement of time until May 8, 1998. No objections were ever filed.
Appellant did not comply with the payment schedule as ordered by the trial court, and on May 29, 1998, the court issued an order that required Appellant to appear for sentencing on June 15, 1998. Appellant filed a motion on June 8, 1998 that requested reconsideration of the order to appear for sentencing. On June 15, 1998, Appellant appeared with counsel for sentencing for failure to comply with the court's orders. The court agreed to stay the sentence until July 22, 1998, to permit Appellant additional time to comply with the court order. Appellant's motions for a stay of the interim order and regarding jurisdiction were denied. On July 14, 1998, Appellant timely appealed, raising two assignments of error.
ASSIGNMENT OF ERROR I
 Whether or not the Trial Court abused its discretion in denying Appellant's Motion for Reconsideration, not permitting Appellant to file objections to the Report of the
 Magistrate, and imposing sentence on Appellant for failure to comply with the original order of court.
The Supreme Court of Ohio has held that "the purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice."Denovcheck v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14,16, quoting Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph two of the syllabus. In light of the role of contempt proceedings in permitting the trial court to maintain the proper functioning of the court, the trial court should be permitted great discretion when reviewing contempt proceedings.Denovchek, supra, at 16. Thus, we shall review the court's determination that found Appellant in contempt under an abuse of discretion standard. Moore v. Moore (June 24, 1998), Summit App. No. 18674, unreported, at 4.
Appellant has argued that the trial court abused its discretion in many of the actions taken throughout the contempt proceedings. First, he has argued that the Court improperly denied his motion for reconsideration. The Supreme Court of Ohio has concluded that motions for reconsideration of a final judgment in the trial court are a nullity. Pitts v. Dept. ofTransportation (1981), 67 Ohio St.2d 378, 380-381. The court further stated that "[t]he application for a motion for reconsideration after a final judgment is simply a legal fiction created by counsel[.]" Id. at 381. Therefore, since Appellant's motion for reconsideration had no basis in law, the trial court did not abuse its discretion in denying the motion.
Appellant has also argued that the trial court abused its discretion by prohibiting him from filing objections to the magistrate's recommendations. Appellant premised his argument on a "journal entry" that purportedly was sent to Appellant's counsel staying the execution of the interim order of the court.[1]
This court has previously concluded that "[i]t is well recognized that a court speaks through its journals and an entry is effective only when it has been journalized." San Filipo v. San Filipo
(1991), 81 Ohio App.3d 111, 112, citing State v. Ellington
(1987), 36 Ohio App.3d 76, 77-78. As the journal entry Appellant relies upon was never journalized, this court will not consider this document purporting to stay the interim order of the trial court.[2] Appellant was granted an extension of time in which to file his objections. He failed to file any objections prior to that deadline, and he did not request any additional time. The trial court did not prevent Appellant from filing objections. Rather, it accommodated Appellant by granting an extension for the length of time requested. Accordingly, the trial court did not abuse its discretion.
Finally, Appellant has argued that the trial court erred by failing to enter findings of fact and conclusions of law as requested. Because the magistrate's recommendation and the court order incorporating the recommendations explicitly contained findings of fact and conclusions of law, it was unnecessary to recite the same details in a redundant entry. Furthermore, even had the trial court not produced any findings, "[f]indings of fact and conclusions of law are unnecessary in a contempt proceeding."Thomas v. Thomas (Oct. 1, 1990), Summit App. No. 14581, unreported, at 8, citing State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 12. Therefore the trial court did not abuse its discretion in failing to respond to Appellant's request.
Appellant's first assignment of error is without merit and is therefore overruled.
ASSIGNMENT OF ERROR II
 The trial court denied Appellant due process of law by assuming jurisdiction over a motion for contempt based on violation of a court order which did not contain notices required by RC 2705.031(C).
Appellant has argued that the trial court denied Appellant due process by failing to comply with the notice requirements of R.C. 2705.031(C). R.C. 2705.031, by its terms, applies only to contempt charges based upon spousal support, child support, and visitation. The present contempt charges were brought based upon a violation of a divorce decree with regard to a property settlement issue. This case in no way dealt with support or visitation issues. R.C. 2705.031(C) was, therefore, wholly inapplicable. Stegawski v. Stegawski (May 19, 1994), Cuyahoga App. Nos. 65473 and 65789, unreported, 1994 Ohio App. LEXIS 2190, at * 7. Appellant's second assignment of error is without merit and is overruled.
Appellee has moved this court to impose sanctions upon Appellant pursuant to App.R. 23. Although Appellant has raised some issues that lack substantial basis in the law, his actions do not rise to the level of frivolity required to permit sanctions under the Appellate Rules. Therefore, Appellee's motion for sanctions is denied.
Appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT BAIRD, P.J.
WHITMORE, J.
CONCUR
[1] During the sentencing hearing, when Appellant's counsel produced the "journal entry" which granted the stay of the interim order, the trial court explicitly denied granting the motion and stated that he had granted the motion to enlarge time. Appellant's counsel is the only party alleged to have received the nondocketed "journal entry."
[2] Appellant has argued that this purported "journal entry" staying the interim order also stayed the time for filing objections to the magistrate's recommendations. Pursuant to Civ.R. 6(B), in order to garner additional time for filing objections, a party must be granted leave by the court for such an extension. A stay of an interim order does not automatically grant additional time. Thus, the unjournalized entry is wholly irrelevant.