OPINION
Defendant-appellant Max McClellan appeals the May 5, 1999 Judgment Entry entered by the Mansfield Municipal Court, granting plaintiff-appellee Alan McCauley judgment against appellant based upon a finding appellant was the custodial parent of Eli G. McClellan on March 31, 1997, the day of the incident giving rise to the underlying complaint.
 STATEMENT OF THE FACTS AND CASE
On March 31, 1997, Eli McClellan, the minor son of appellant, stood on the Malone Road Bridge, Richland County, Ohio, and threw a chunk of concrete onto the underpass of State Rt. 13. The concrete struck a vehicle driven by appellee, causing bodily injury and property damage in excess of $5,500. On October 2, 1998, appellee and Grange Mutual Casualty Company, his insurer, filed a complaint for damages in the Mansfield Municipal Court, naming appellant and Eli as defendants. In his answer, appellant asserted a defense of failure to join all necessary and indispensable parties. By agreement of the parties, the trial court granted appellee leave to file an amended complaint to add Lynn McClellan, appellant's former wife and Eli's mother, as a defendant. Appellant and Lynn McClellan were divorced in 1986. At that time, the Domestic Relations Court ordered Lynn McClellan be designated the legal custodian and residential parent of Eli and the couple's minor daughter. Although the record is unclear as to the specifics, appellant thereafter became the residential parent and legal custodian of the minor children. However, in August, 1996, the children again decided to live with their mother. Lynn eventually filed a Motion for Modification of Parental Rights and Responsibility in Case No. 86-D-1271. Appellant and Lynn appeared before the magistrate regarding the motion for modification, and ultimately resolved the matter through an agreed entry, which was signed by both appellant and Lynn, adopted by the magistrate, and filed October 8, 1996. On February 12, 1997, appellant and Lynn again appeared before the magistrate. At that time, appellant and Lynn consented to waive a decision by the magistrate in the matter and to submit to the Domestic Relations Court an agreed judgment entry or order in an acceptable form. See, Waiver of Magistrate's Decision filed February 14, 1997. Via Agreed Judgment Entry filed April 22, 1997, the parties agreed to change the designated custodial parent to Lynn. The Domestic Relations Court adopted the change, and ordered Lynn be the designated residential parent, and ordered appellant to pay child support, effective October 1, 1996. The instant matter between appellant and appellee proceeded to bench trial on March 3, 1999. Via Judgment Entry filed May 5, 1999, the trial court found appellant to be the custodial parent of Eli on March 31, 1997, and ordered appellee be granted judgment against appellant for damages in the amount of $5,635, plus costs. It is from this judgment appellant appeals, raising as his sole assignment of error:
 WHETHER THE TRIAL COURT ERRED THAT MAX McCLELLAN, II WAS THE CUSTODIAL PARENT OF THE MINOR CHILD ON MARCH 31, 1997.
 I
Herein, appellant maintains the trial court erred in finding he was the custodial parent of Eli McClellan on March 31, 1997. R.C.3109.09 provides, in pertinent part: (B) Any owner of property * * * may maintain a civil action to recover compensatory damages not exceeding ten thousand dollars and court costs from the parent of a minor if the minor willfully damages property belonging to the owner or commits acts cognizable as a "theft offense," as defined in section 2913.01 of the Revised Code, involving the property of the owner.
(Emphasis added).
The term "parent" for purposes of R.C. 3109.09(B) means one of the following: (1) Both parents unless division (A)(2) or (3) of this section applies;
(2) The parent designated the residential parent and legal custodian pursuant to an order issued under section 3109.04 of the Revised Code that is not a shared parenting order;
(3) The custodial parent of a child born out of wedlock with respect to whom no custody order has been issued.
Appellant contends parental custody and control of Eli changed as a result of the April 22, 1997 Agreed Judgment Entry. Appellant continues, "even though the Judgment Entry was signed and file stamped on April 22, 1997, the support order was effective on October 1, 1996. * * * [therefore,] the [entire] order when signed by the Judge was retroactive to October 1, 1996". Brief of Appellant at 5. Accordingly "[c]are, custody and control of Eli McClellan was in the hands of mother, Lynn McClellan[,] on March 31, 1997." Id. We disagree. R.C. 3109.04(K) reads, in pertinent part: (2) A parent who primarily is allocated the parental rights and responsibilities for the care of a child and who is designated as the residential parent and legal custodian of the child under an order that is issued pursuant to this section on or after April 11, 1991, and that does not provide for shared parenting has "custody of the child" and "care, custody, and control of the child" under the order, and is the "residential parent," the "residential parent and legal custodian," or the "custodial parent" of the child under the order.
(Emphasis added).
It is well recognized a court speaks through its journals and an entry is effective only when it has been journalized. San Filipo v. San Filipo (1991), 81 Ohio App.3d 111, 112. (Citation omitted). "To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court." Id. (Citation omitted). The judgment modifying appellant's and Lynn's parental rights and responsibilities did not become effective until it was filed on April 22, 1997. Because appellant was designated the residential parent and legal custodian by a court order in effect prior to the incident on March 31, 1997, and prior to the April 22, 1997 Agreed Judgment Entry becoming effective, we find appellant was a parent against whom appellee could maintain an action to recover compensatory damages for Eli's destructive acts pursuant to R.C.3109.09. We find appellant's assertion the designation of the residential parent was also retroactive to October 1, 1996, because the support order was retroactive to October 1, 1996, to be unpersuasive. The April 22, 1997 Agreed Judgment Entry memorialized appellant and Lynn McClellan's agreement relative to the allocation of parental rights and responsibilities. Appellant and Lynn specifically negotiated the date on which child support would become effective. Absent express language making the custody allocation retroactive to October 1, 1996, we cannot presume the parents or the Domestic Relations Court intended the retroactivity language to refer to any issue other than the issue of child support.
Accordingly, appellant's sole assignment of error is overruled.
The judgment entry of the Mansfield Municipal Court is affirmed.
 _________________________ By: Hoffman, P.J.
Farmer, J. and Reader, V.J. concur