DECISION AND JOURNAL ENTRY
Appellant-defendant Torrey L. Moss attempts to appeal from a purported denial of his motion to dismiss in the Lorain County Court of Common Pleas. Because the record fails to indicate that a final appealable order has been entered in the court below, however, this Court is without jurisdiction and the appeal is dismissed.
On November 26, 1996, Moss was indicted on one count of aggravated trafficking in drugs, a violation of R.C.2925.03(A)(9). Moss pled not guilty to the charge on December 18, 1996. Thereafter, he sought a continuance of the pre-trial date. Along with this request, Moss waived his statutory time limitations for a speedy trial; this waiver was journalized in a trial court entry that Moss signed on January 6, 1997. Moss subsequently executed similar waivers of his speedy trial rights on February 3 and March 4, 1997.[1] On May 12, 1997, Moss pled guilty to the charge against him.
The trial court sentenced Moss on August 8, 1997, to five to twenty-five years incarceration, with five years of actual incarceration. Moss subsequently filed various motions, including a January 25, 1999 motion to dismiss his conviction and sentence that alleged that his speedy trial rights had been violated. It is from the purported denial of this motion from which Moss attempts to appeal pro se.[2]
This Court's review of the record, however, fails to indicate that the trial court has journalized any such denial. Although the docketing statement submitted to this Court was accompanied by a non-time-stamped photocopy of a text labeled "journal entry" that indicates that Moss' motion was apparently denied, no such journalized order has been included as part of the record of the proceedings below.[3] This Court has previously explained:
 It is well recognized that a court speaks through its journals and that an entry is effective only when it has been journalized. To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court.
 (Emphasis added.) State v. Anderson (1999), Summit App. No. 19145, unreported, quoting San Filipo v. San Filipo (1991), 81 Ohio App.3d 111, 112. See, also, Cleveland v. Trzebuckowski (1999), 85 Ohio St.3d 524, 526 ("[A] conclusion or statement of judgment must be journalized formally to become a final appealable order.").
Despite the fact that the state of Ohio has failed to raise this issue of journalization — the state in fact has even neglected to file an appellate brief — an appellate court is required to raise jurisdictional issues involving final appealable orders suasponte. See In re Murray (1990), 52 Ohio St.3d 155, 160, fn. 2;Witaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186. Accordingly, because the record fails to reflect that a final judgment has been journalized in regard to Moss' motion to dismiss, this Court is precluded from addressing his three assignments of errors.[4] This Court cannot excuse a jurisdictional error based on Moss' pro se status. "`[P]ro se
litigants are bound by the same rules as those litigants who retain counsel and are not to be accorded greater rights.'" Statev. Shepherd (Apr. 21, 1999), Summit App. No. 18998, unreported quoting State v. Jimenez (Dec. 30, 1997), Columbiana App. No. 95-CA-69, unreported. The appeal must be dismissed for lack of jurisdiction.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
DONNA J. CARR
FOR THE COURT WHITMORE, J.
 CONCURS
BAIRD, P.J.
 DISSENTS
[1] A fourth journal entry noting that Moss had waived his speedy trial rights was journalized on April 14, 1997. Unlike the previous three entries, however, this entry was not signed by Moss.
[2] On appeal Moss argues that his conviction and sentence should be reversed because he was not afforded a speedy trial and because his counsel was ineffective. This Court notes that Moss waived his right to a speedy trial and has not asserted that his plea was not knowingly or voluntarily entered. Additionally, this Court notes that although Moss styled his motion as a "motion to dismiss," his motion was actually an untimely motion for postconviction relief. See State v. Mollick (July 19, 2000), Lorain App. No. 99CA007315, unreported; State v. Dubois (Nov. 12, 1997), Wayne App. No. 97CA0019, unreported (explaining that the defendant "attempted to circumvent the requirements of R.C.2953.21 by styling his request to decrease his sentence as a motion for reimposition of sentence"); Canter v. Voinovich (Sept. 24, 1997), Lorain App. No. 97CA006665, unreported (describing that the defendant had "attempted to circumvent the requirements of RC.2953.21 by styling his request to decrease his sentence as a complaint for declaratory judgment.").
[3] The transcript of docket and journal entries forwarded to this Court on appeal indicates that the purported denial constitutes item number thirty-three in the record. However, the record fails to include item number thirty-three, and Moss has failed to move to supplement the record with the missing item.
[4] In Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, this Court addressed the issue of whether a decision granting a motion to suppress that was never time-stamped constituted a final appealable order. Because that decision had been entered on the transcript of docket and journal entries and added to the attached journal, this Court found that a final appealable order existed.Id. at 605-608. Subsequent to Tallmadge, however, the Supreme Court of Ohio explained that "[a] clerk's placement of information from [a] decision on the computerized docket [i]s not tantamount to journalization of the decision. Dockets and journals are distinct records kept by clerks. A docket is not the same as a journal." (Citations omitted.) State ex rel. White v. Junkin
(1997), 80 Ohio St.3d 335, 337. Therefore, although the transcript of docket and jounal entries in the instant case represents that the decision at issue constituted item number thirty-three in the record, see footnote two, supra, this representation cannot stand as sufficient indicia of journalization.