DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Aaron Danisek, appeals from the decision of the Medina County Court of Common Pleas granting the State's forfeiture petition with respect to Defendant's automobile. We affirm.
On December 28, 1999, Defendant was indicted on one count of preparation of drugs for sale, in violation of R.C. 2925.07(A) 
(C)(3)(b), a fourth degree felony. Defendant pled not guilty. On January 3, 2000, the State filed a petition for forfeiture of seized contraband, which included Defendant's car and $117 in cash. On April 7, 2000, Defendant changed his plea to guilty. On May 26, 2000, the trial court sentenced Defendant to five years community control and the sentencing entry was journalized on June 1, 2000.
A hearing on the petition for forfeiture was conducted on June 30, 2000. During the hearing Defendant moved to dismiss the forfeiture action, arguing that the time limit for holding the hearing had expired, pursuant to R.C. 2933.43(C). On July 7, 2000, the trial court granted the State's forfeiture petition as to the car and found that the hearing was held within forty-five days of Defendant's conviction. Defendant subsequently moved the trial court to reconsider its ruling on the forfeiture petition. The trial court denied the motion on July 20, 2000. Defendant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred by failing to grant [D]efendant's motion to dismiss the State's forfeiture petition, because [R.C. 2933.43] requires a forfeiture hearing to [sic.] be held within 45 days after [D]efendant's conviction (plea) or the admission or adjudication of the violation and the trial court held its hearing eighty [sic.] (84) days after [D]efendant's conviction (plea). * * *
In his sole assignment of error, Defendant asserts that the trial court erred in denying Defendant's motion to dismiss the State's forfeiture petition. He contends that the forfeiture hearing was conducted beyond the statutory limit provided by R.C. 2933.43(C). We disagree.
R.C. 2933.43(C) provides:
* * *
 If the property seized was determined by the seizing law enforcement officer to be contraband because of its relationship to an underlying criminal offense or administrative violation, no forfeiture hearing shall be held under this section unless the person pleads guilty to or is convicted of the commission of, or an attempt or conspiracy to commit, the offense or a different offense arising out of the same facts and circumstances or unless the person admits or is adjudicated to have committed the administrative violation or a different violation arising out of the same facts and circumstances[.]
The statutory section then provides, in relevant part:
 [A] forfeiture hearing shall be held in such a case no later than forty-five days after the conviction or the admission or adjudication of the violation, unless the time for the hearing is extended by the court for good cause shown.
According to the statutory language, the triggering event for the forfeiture hearing time limit is the conviction, admission, or adjudication of the violation. The definition of these terms is a matter of statutory construction, subject to de novo review as a matter of law.State v. Werner (1996), 112 Ohio App.3d 100, 103. Defendant argues that his conviction occurred and time began to run when he entered his guilty plea. Conversely, the State argues that the conviction took place when Defendant was sentenced. Thus, the issue presented is the intended meaning of the word "conviction" in R.C. 2933.43(C).
Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence." Furthermore, the Ohio Supreme Court has held that a conviction consists of both a finding of guilt and a sentence. State v. Henderson (1979), 58 Ohio St.2d 171,177-79 (finding that in order to constitute a prior conviction for a theft offense, there must be a judgment of conviction, as defined in former Crim.R. 32(B), since amended as Crim.R. 32(C)). See, also Statev. Poindexter (1988), 36 Ohio St.3d 1, 5 (reiterating that "conviction" includes both the guilt determination and the penalty imposition). Accord State v. Goff (1998), 82 Ohio St.3d 123, 135.
We also note that "[i]t is well recognized that a court speaks through its journals and an entry is effective only when it has been journalized." State v. Moss (July 26, 2000), Lorain App. No. 99CA007304, unreported, at 3-4, quoting San Filipo v. San Filipo (1991),81 Ohio App.3d 111, 112. Accordingly, we hold that the term "conviction" as used in R.C. 2933.43(C) occurs at the time Defendant's sentence is journalized.
In this case, Defendant was sentenced on May 26, 2000, and the corresponding judgment entry was journalized on June 1, 2000. The hearing on the forfeiture petition was conducted on June 30, 2000. Therefore, the forfeiture hearing was held twenty-nine days after Defendant's conviction, well within the forty-five day limit provided by R.C.2933.43(C). Accordingly, Defendant's assignment of error is without merit.
Defendant's sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
WHITMORE, CONCURS.