OPINION
{¶ 1} Defendants-appellants, Frederick, Susan, and Emerson Voge, appeal a decision of the Preble County Court of Common Pleas dismissing their Civ.R. 60(B) motion for relief from judgment on two cognovit notes. We reverse the trial court's decision and remand the case to the trial court.
 {¶ 2} In April 2000, appellants borrowed $500,000 from plaintiff-appellee, Producers Credit Corporation ("PCC"), fka Producers Live Stock Credit Association of Columbus, Ohio. As consideration for the loan, appellants executed a cognovit note. In May 2000, appellants borrowed an additional $2,000,000 from PCC, again executing a cognovit note to memorialize the transaction. On April 10, 2001, PCC filed a complaint against appellants alleging they had defaulted on the two notes. Because both instruments contained cognovit provisions, judgment was entered in favor of PCC that same day for $1,504,739.85. Ten days later, appellants filed a Civ.R. 60(B) motion for relief from judgment, alleging "consumer loan" and "consumer transaction" defenses to the cognovit judgment, and disputing the amount of the judgment.
 {¶ 3} A hearing on appellants' motion was originally set for May 25, 2001. On May 18, 2001, at the request of appellants' attorney and with the approval of PCC's attorney, the trial court continued the hearing to July 6, 2001. On June 12, 2001, the trial court, apparently on its own motion, reset the hearing date to July 19, 2001. Two days before the hearing, appellants' attorney moved for a continuance on the ground that he had been out of the office for three or four weeks due to serious family health concerns. The trial court granted the motion and continued the hearing to August 21, 2001. On August 17, 2001, PCC's attorney moved for a continuance on the grounds that additional discovery was needed and that additional time might result in a settlement. PCC's attorney asked that the hearing be continued until after November 1, 2001.
 {¶ 4} On March 13, 2002, the trial court issued a scheduling and procedure order which stated in relevant part: "[p]ursuant to the telephone status conference held on November 9, 2001, and the telephone status conference held on February 15, 2002 * * *, the Court hereby orders as follows: [1] The Court has extended every courtesy, and intends to continue to extend every reasonable courtesy, to [appellants' attorney] due to his personal circumstances. However, if [appellants' attorney] is not able to fully and promptly comply with the following instructions and due dates, he is instructed to withdraw forthwith as counsel to [appellants]. In such event, the Voges are directed to retain new counsel promptly enough to ensure compliance with the procedures and dates stated below."
 {¶ 5} In that order, the trial court also set a telephone status conference for March 20, 2002, and ordered that (1) each party submit a brief on the issue of "consumer loan" to be due April 1, 2002; (2) each party make their records available no later than March 11, 2002; and (3) witness lists be filed on or before April 1, 2002. Finally, the trial court set a hearing on appellant's "Motion to Vacate," that is, appellants' Civ.R. 60(B) motion, for May 30, 2002.
 {¶ 6} On March 22, 2002, appellants' attorney moved for a continuance, asking the trial court for a ten-day extension (until April 1, 2002) within which to make their records available. Appellants' attorney explained that his wife had been through several cancer procedures for the past several months and that she had just been released from the hospital following her fifth cancer surgery. Appellants' attorney pledged that the records would be delivered no later than April 1, 2002, and that all the other due dates set forth in the trial court's scheduling order would be strictly met. Appellants' attorney noted that a trial in the case had been set for May 30, 2002.
 {¶ 7} Appellants' records were subsequently delivered to PCC's attorney on March 27, 2002. Nevertheless, the very next day, PCC's attorney filed a memorandum opposing the foregoing motion for continuance and asking the trial court "to rule in favor of PCC on [appellants'] Rule 60(B) motion." The record shows that in compliance with the trial court's scheduling order, appellants' witness list was thereafter filed before April 1, 2002, and that their brief on the "consumer loan" issue was filed on April 1, 2002. Unlike appellants, PCC filed its witness list and its brief on the "consumer loan" issue out of rule by one or two days.
 {¶ 8} Appellants' attorney committed suicide on April 9, 2002. By entry filed May 6, 2002, the trial court dismissed appellants' Civ.R. 60(B) motion. The trial court found that "[appellants] and counsel have failed to comply with the orders of the court. [Appellants] attempted late compliance with the court's order on March 27, 2002. None of the filings are supported by forensic accounting or documentation supporting payments." Appellants timely filed this appeal.
 {¶ 9} On appeal, appellants raise four assignments of error which will be addressed out of order. Before we address them, however, we must first comment on PCC's assertion that appellants' Civ.R. 60(B) motion was dismissed in March 2002 rather than by the trial court's May 6, 2002 entry, especially since PCC bases its analysis of the issues in its appellate brief on the March date. According to PCC, appellants' motion was orally dismissed by the trial court during a telephone conference with the parties' attorneys on March 20, 2002. Upon dismissing the motion, the trial court allegedly "stated that [it] would allow Appellants' counsel to perfect his record for appeal by filing a written motion for extension if he so desired. The Trial Court further stated that if such motion was filed, [PCC] could file a response if it so desired, but in any case the 60(B) Motion `is dismissed.'"
 {¶ 10} Such assertion by PCC is inconsistent with the law. It is well-established that a trial court speaks only through its journal and not by oral pronouncement. Schenley v. Kauth (1953), 160 Ohio St. 109,111. An entry is effective only when it has been journalized. San Filipov. San Filipo (1991), 81 Ohio App.3d 111, 112. "To journalize a decision means that * * * the decision is reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court." Id. Accordingly, we find that appellants' Civ.R. 60(B) motion was dismissed by the trial court's May 6, 2002 entry, and not during the telephone conference in March 2002.
Assignment of Error No. 3
 {¶ 11} "The trial court abused its discretion by dismissing the Voges' 60(b) motion without prior notice of the dismissal to the Voges."
 {¶ 12} Under this assignment of error, appellants argue that it was error for the trial court to dismiss their Civ.R. 60(B) motion for failure to comply with discovery orders without first giving them notice of its intent to dismiss, and after they had complied with the trial court's scheduling order.[1]
 {¶ 13} As previously noted, the trial court issued a scheduling order which required the parties to comply with discovery orders by certain due dates. With the exception of the order requiring appellants to deliver their records to PCC no later than March 11, 2002, all other discovery orders were complied with by appellants on time or before the due date. With regard to the delivery of appellants' records to PCC, while they were delivered 16 days past their due date, appellants' attorney had moved for an extension within which to deliver them. The records were delivered on March 27, 2002. The next day, PCC's attorney filed a memorandum opposing the extension and asking the court "to rule in favor of PCC on [appellants'] Rule 60(B) motion."
 {¶ 14} Although it was not specifically stated in the trial court's May 6, 2002 entry, the language of the entry clearly shows that appellants' Civ.R. 60(B) motion was dismissed for failure to comply with discovery orders. A trial court's authority to sanction a party for failure to obey discovery orders is governed by Civ.R. 37(B)(2) which provides in relevant part that "[i]f any party * * * fails to obey an order to provide or permit discovery * * *, the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order * * * dismissing the action or proceeding * * *, or rendering a judgment by default against the disobedient party." Civ.R. 37(B)(2)(c). Dismissals and default judgments are the most severe sanction for failure to comply with a discovery order.
 {¶ 15} It is well-established that dismissal applies to a plaintiff's case, see Civ.R. 41, whereas a default judgment is entered against a defendant. See Civ.R. 55. In the case at bar, although appellants were defendants at the trial court level, the trial court nevertheless dismissed their Civ.R. 60(B) motion on the ground of discovery violations. The parties, in turn, base their entire argument on appeal upon Civ.R. 41 rather than Civ.R. 55. In Ohio Furniture Company v.Mindala (1986), 22 Ohio St.3d 99, the Ohio Supreme Court held that the notice requirement of Civ.R. 41(B)(1), which requires a trial court to give notice to a plaintiff's counsel before dismissing an action, "applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." Id. at 101. (Emphasis sic.) Some Ohio courts as well as some legal scholars have held that the line of Ohio Supreme Court cases regarding the notice requirement in dismissals applies equally to default judgments. See Mobley v. Pamer, Monroe App. No. 833, 2001-Ohio-3526; Fink, Greenbaum, Wilson, Guide to the Ohio Rules of Civil Procedure (2d Ed. 1999) 620, Section 37-3.
 {¶ 16} Civ.R. 55 governs the procedural requirements for the granting of default judgments. Civ.R. 55(A) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend * * *, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *"
 {¶ 17} Civ.R. 55(A) clearly requires that before it enters a default judgment against a defendant who has appeared, a trial court must hold a hearing and provide the defendant with seven days' notice of the hearing on the motion for default judgment. There is no question that appellants appeared in the case at bar. Accordingly, they were entitled to a hearing with the requisite notice of the hearing before the trial court entered a default judgment. A review of the record before us shows that PCC did not specifically move for default judgment with regard to appellants' discovery violations. Whether PCC's memorandum opposing appellants' request for an extension and asking the trial court to rule in its favor on appellants' Civ.R. 60(B) motion qualifies as a motion for default judgment under Civ.R. 55(A), the record clearly shows that no hearing was held prior to the trial court's May 6, 2002 entry dismissing appellants' Civ.R. 60(B) motion. Curiously, in its scheduling order, the trial court had scheduled a hearing to be held on May 30, 2002 regarding appellants' motion. That hearing was never held. Accordingly, construing the trial court's entry dismissing appellants' motion as a default judgment, we find that the trial court entered a default judgment against appellants for discovery violations in violation of Civ.R. 55(A). We therefore reverse the trial court's decision and remand the matter for the trial court to hold a hearing as required by Civ.R. 55(A).
 {¶ 18} Even if we are to apply the Ohio Supreme Court jurisprudence regarding the notice requirement in dismissals to the case at bar, we nonetheless find that the trial court erred by dismissing appellants' Civ.R. 60(B) motion for the following reasons.
 {¶ 19} Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to * * * comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." The purpose of the notice is to give the party in default who is in jeopardy of having his action or claim dismissed, an opportunity to comply with the order or to explain and/or correct the default. Sazima v. Chalko, 86 Ohio St.3d 151,155, 1999-Ohio-92. Pursuant to Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, Civ.R. 41(B)(1) no longer requires a trial court to expressly and unambiguously give actual notice of its intention to dismiss with prejudice. Id. at 49. Rather, the notice requirement of Civ.R. 41(B)(1) is satisfied, that is, "counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Id. Pursuant to Sazima and Quonset Hut, implied notice of a trial court's intention to dismiss exists when a party is on notice that the opposing party has requested dismissal.
 {¶ 20} In the case at bar, the trial court never gave actual notice to appellants' attorney that the cause would be dismissed with prejudice for failure to comply with its scheduling order. There were no provisions in the scheduling order that failure to comply with the discovery orders and/or due dates may result in sanctions or in an adverse judgment entered against appellants. In fact, the trial court's order expressly scheduled a hearing to be held on May 30, 2002 regarding appellants' Civ.R. 60(B) motion.
 {¶ 21} PCC, however, argues that the provision in the scheduling order instructing appellants' attorney to fully and promptly comply with the discovery orders and due dates or withdraw as counsel to appellants can only be interpreted as "do it now, get out now, or get dismissed." While failure to comply with discovery orders may result in a dismissal, we do not think that a Civ.R. 41(B)(1) notice of upcoming dismissal may be inferred from the language used by the trial court in its scheduling order. Sazima, 86 Ohio St.3d at 156, fn. 7. We therefore find that the trial court never gave actual notice of its intent to dismiss the cause.[2]
 {¶ 22} PCC, in turn, never filed anything denominated as a "motion to dismiss" or as a motion for sanctions pursuant to Civ.R. 37(B). Rather, PCC filed a memorandum opposing appellants' request for an extension and asking the trial court to rule in its favor on appellants' Civ.R. 60(B). Assuming, arguendo, that such memorandum qualifies as a motion to dismiss under Quonset Hut, we nevertheless find that appellants' Civ.R. 60(B) motion was improperly dismissed. The record shows that appellants complied on time with all but one of the discovery orders listed in the scheduling order. With regard to appellants' failure to deliver their records to PCC no later than March 11, 2002, the record shows that appellants' counsel did comply with the order that they be delivered. While they were delivered 16 days past the due date, appellants' attorney had sought an extension. The records were delivered the day before PCC filed its memorandum and 40 days before the trial court dismissed the cause.
 {¶ 23} As the supreme court held in Sazima, "the very purpose of notice is to provide a party with an opportunity to explain its defaultand/or correct it." Sazima, 86 Ohio St.3d at 156-157. (Emphasis sic.) Appellants availed themselves of this opportunity when they delivered their records to PCC on March 27, 2002. Unlike the plaintiff in QuonsetHut, appellants and their attorney took action to comply with the outstanding order 40 days prior to the trial court's order of dismissal. Stated differently, the trial court dismissed the action with prejudice 40 days after appellants' attorney had complied with the outstanding order. Sazima at 157.
 {¶ 24} "If a trial court was permitted to dismiss an action for plaintiff's failure to comply with an outstanding order after notice to the plaintiff's counsel resulted in compliance, the entire purpose of providing notice in the first place would be defeated." Id. "[O]nce plaintiff's counsel has responded to the notice given pursuant to Civ.R. 41(B)(1) by complying with the trial court's outstanding order, the trial court may not dismiss the action or claim on the basis of noncompliance with that order." Id.
 {¶ 25} In light of Sazima, we find that the trial court erred by dismissing appellants' Civ.R. 60(B) motion. We further find that appellants could never have timely complied with the trial court's order to deliver their records even if they had tried to. Indeed, the trial court's March 13, 2002 scheduling order mandated appellants to deliver their records no later than March 11, 2002, that is, two days before the scheduling order. By the time the trial court issued its scheduling order, the due date for delivery of the records had already expired.
 {¶ 26} "In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation[.] * * * However, * * * dismissal is reserved for those cases in which `the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.' * * * Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. * * * It is `a basic tenet of Ohio jurisprudence that cases should be decided on their merits.'" Sazima, 86 Ohio St.3d at 158.
 {¶ 27} PCC agues that appellants' conduct was dilatory as illustrated by their attorney's failure "to timely comply with requests for admissions, * * * timely answer interrogatories, * * * produce documentary discovery at all, * * * even appear at a scheduled and notice telephone pretrial conference to discuss the status of discovery, and * * * comply with a Scheduling Order that gave Appellants one last chance to comply." We note that some of appellants' alleged dilatory acts are nowhere to be found in the record before us. While several continuances were granted, not all of those were sought by appellants. The continuances sought by appellants were based at least in part upon their attorney's family health concerns. Based upon the record before us, we cannot say that appellants' conduct was so negligent, irresponsible, contumacious or dilatory as to support a dismissal of the cause with prejudice.
 {¶ 28} In light of all of the foregoing, we find that the trial court abused its discretion in dismissing appellants' action with prejudice. Appellants' third assignment of error is well-taken and sustained.
Assignment of Error No. 2
 {¶ 29} "The trial court abused its discretion by dismissing the Voges' 60(B) motion [without a hearing]."
 {¶ 30} Where the judgment sought to be vacated is a cognovit judgment, the test which must be satisfied before a movant is entitled to relief under Civ.R. 60(B) is modified. Because the judgment debtor lacks notice and the opportunity to answer the complaint prior to entry of judgment on the note, the movant is not required to show entitlement to relief under one of the specific grounds listed in Civ.R. 60(B). SeeG.W.D. Enterprises, Inc. v. Down River Specialties, Inc. (May 24, 2001), Cuyahoga App. No. 78291. Rather, the movant need only assert that the motion was timely made and that it has a meritorious defense. Id.
 {¶ 31} A Civ.R. 60(B) movant is entitled to a hearing if he complies with the requirements for all motions as set forth under Civ.R. 7(B); the motion must be accompanied by a memorandum of facts and law, as well as evidentiary materials containing operative facts. See State v.Jones, Auglaize App. Nos. 2-99-20 and 2-99-21, 1999-Ohio-915; see, also,Kay v. Marc Glassman, Inc., 76 Ohio St.3d 17, 1996-Ohio-430. The allegation of operative facts required must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, or other sworn testimony. Id.
 {¶ 32} Appellants filed their Civ.R. 60(B) motion ten days after the cognovit judgment. It was therefore timely filed. At the time they filed it, however, appellants attached no supporting evidentiary materials to the motion. PCC argues that appellants were not entitled to a hearing because at the time the trial court dismissed their motion in March 2002, appellants had still not offered any evidence in support of their motion. As previously held, however, appellants' Civ.R. 60(B) motion was dismissed on May 6, 2002. The record shows that appellants filed affidavits in support of their Civ.R. 60(B) motion on April 1 and 9, 2002. We therefore find that the trial court erred by dismissing appellants' Civ.R. 60(B) motion without a hearing. See id. Appellants' second assignment of error is accordingly well-taken and sustained.
Assignment of Error No. 1
 {¶ 33} "The trial court abused its discretion by failing to grant the Voges' Civil Rule 60(B) motion."
 {¶ 34} Under this assignment of error, appellants argue that the trial court should have granted their motion if only because the motion was timely filed and they had asserted meritorious defenses.
Assignment of Error No. 4
 {¶ 35} "The trial court abused its discretion by imputing the failures of the Voges' severely depressed counsel on the Voges."
 {¶ 36} Under this assignment of error, appellants argue that the trial court should not have dismissed their motion based upon the conduct of their former attorney. Appellants assert that the severe mental depression and ultimate suicide of their former attorney cannot be imputed to them.
 {¶ 37} In light of our ruling on appellants' second and third assignments of error, and given our reversal and remand of the trial court's decision, we find that appellants' first and fourth assignments of error are moot. We therefore decline to address them. See App.R. 12(A)(1)(c).
 {¶ 38} Judgment reversed and remanded for further proceedings consistent with this opinion.
VALEN, P.J., and POWELL, J., concur.
[1] For purposes of clarity and better analysis, we have decided to address appellants' argument under their second assignment of error that the trial court abused its discretion by dismissing their motion for discovery violations, with appellants' third assignment of error in which they argue that the trial court abused its discretion by dismissing their motion without prior notice.
[2] We are mindful of the existence of a notice of hearing filed on March 13, 2002, the same day as the scheduling order, scheduling "a full hearing on a motion to dismiss" to be held on May 30, 2002. We have found no such motion listed on the trial court's docket. In addition, the same day it filed this notice, the trial court also had scheduled a hearing on appellants' Civ.R. 60(B) motion to be held on May 30, 2002. We therefore find that this notice of hearing does not qualify as a notice for purposes of Civ.R. 41(B)(1).