[Cite as *Heritage Woods Area Landowners' Assn. v. Chuparkoff*, 2012-Ohio-2881.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

THE HERITAGE WOODS AREA
LANDOWNERS' ASSOCIATION

     Appellee/Cross Appellant

     v.

TED CHUPARKOFF, et al.

     Appellants/Cross-Appellees

C.A. No.    26012

APPEAL FROM JUDGMENT
ENTERED IN THE
BARBERTON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    CVF 1000441

DECISION AND JOURNAL ENTRY

Dated: June 27, 2012

---

MOORE, Presiding Judge.

{¶1} Appellants/Cross-Appellees, Ted Chuparkoff, Margaret Chuparkoff, and Kenneth Chuparkoff as Trustee of The Chuparkoff Family Trust, (collectively "the Chuparkoffs"), appeal the ruling of the Barberton Municipal Court granting summary judgment in favor of Appellee/Cross-Appellant, The Heritage Woods Area Landowners' Association ("Heritage Woods"). Heritage Woods cross-appeals the judgment of the trial court awarding it attorney fees in a lesser amount than it had requested. For the reasons set forth below, we are without jurisdiction to consider the assignment of error or the cross-appellant assignment of error, and we vacate the trial court's improper reactivation of a previously dismissed action.

I.

{¶2} Ted and Margaret Chuparkoff were the owners of real property on Brookrun Drive in Copley, Ohio until 2009, when they quit-claimed their interest in the property to Kenneth Chuparkoff, as trustee of the Chuparkoff Family Trust, reserving a life estate in the

property. In 2010, Heritage Woods filed a complaint for money judgment upon assessments against the Chuparkoffs that it contends were unpaid. It argued that the Brookrun property was part of the Heritage Woods Planned Unit Development pursuant to a declaration that was recorded with the Summit County Fiscal Officer in 1985. The Chuparkoffs filed an answer denying these allegations and a third-party complaint against Lawyers Title Insurance Corp. ("Lawyers Title").

{¶3} However, on November 2, 2010, the trial court issued an order dismissing the case due to the parties' failure to appear at a hearing. On November 10, 2010, Heritage Woods filed a Civ.R. 60(B) Motion for Relief from the November 2, 2010 judgment, requesting the court to vacate the dismissal order due to mistake or inadvertence. The trial court appears to have set this matter for hearing on January 11, 2011. On a hearing notice issued on January 11, 2011, the following notation appears: "Motion for relief from judgment granted[.]"

{¶4} The parties and trial court proceeded on the parties' claims. On February 17, 2011, Heritage Woods filed a motion for summary judgment, and, on March 11, 2011, Lawyers Title filed a motion for summary judgment. On June 6, 2011, the trial court purported to issue a judgment entry granting summary judgment in favor of Heritage Woods and Lawyers Title. The Chuparkoffs appealed from the order granting summary judgment in favor of Heritage Woods, and Heritage Woods cross-appealed as to the amount of attorney fees awarded to it within the judgment. We have consolidated the assignment of error and the cross-appellant assignment of error to facilitate our discussion.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT
IN FAVOR OF[ ]HERITAGE WOODS[ ]FOR THE FOLLOWING REASONS

THAT GENUINE ISSUES OF MATERIAL FACT EXIST AND ARE REQUIRED TO BE LITIGATED IN RESPONSE TO [HERITAGE WOODS'] COMPLAINT:

(A) WHETHER, AS A MATTER OF LAW, THAT MEMBERSHIP IN AN ASSOCIATION THAT ADOPTS RULES AND REGULATIONS AND ASSESSES A YEARLY MONETARY DUES ASSESSMENT WHICH AFFECTS THE RIGHTS OF PROPERTY OWNERS AND CREATES A LIEN UPON THE REAL ESTATE IS AN ENCUMBRANCE;

(B) WHETHER, AS A MATTER OF LAW, THAT THE FILED DECLARATION UPON WHICH [HERITAGE WOODS] RELIES, IS A VALID ENFORCEABLE DOCUMENT THOUGH IT VIOLATES SECTION 1702.01 ET SEQ. OF THE OHIO REVISED CODE, USURPING THE AUTHORITY OF THE STATE OF OHIO TO REGULATE NON-PROFIT CORPORATIONS;

(C) WHETHER, AS A MATTER OF LAW, THE [CHUPARKOFFS] RECEIVED NOTICE THAT BY THE FILING OF A DECLARATION THE [CHUPARKOFFS] WERE MEMBERS OF THE ASSOCIATION WHICH BY ITS RULES AND REGULATIONS ENCUMBER THE[IR] PROPERTY EVEN THOUGH THE[Y] SUBMITTED AN AFFIDAVIT, AS REQUIRED BY A NON-MOVING PARTY, THAT THE [THEIR] PROPERTY CANNOT BE LOCATED IN THE DOCUMENT[.]

## CROSS-APPELLANT ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO AWARD JUDGMENT FOR ALL REASONABLE ATTORNEYS' FEES INCURRED BY[ ]HERITAGE WOODS[ ]WITHOUT DISCUSSION OF THE FACTORS FOR THE REASONABLENESS OF ATTORNEYS' FEES PURSUANT TO RULE 1.5 OF THE OHIO RULES OF PROFESSIONAL CONDUCT.

{¶5} In their assignment of error and cross-appellant assignment of error respectively, the Chuparkoffs and Heritage Woods have attempted to appeal from the journal entry purportedly issued by the trial court on June 6, 2011. We dismiss the appeal and cross-appeal, as the trial court lacked jurisdiction to issue the June 6, 2011 entry.

{¶6} This Court must sua sponte raise questions related to our jurisdiction. *State v. Keith*, 9th Dist. No. 08CA009362, 2009-Ohio-76, ¶ 5. *See State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997). As noted above, the trial court dismissed this case through journal entry dated November 2, 2010. "It is well recognized that a court

speaks through its journals and an entry is effective only when it has been journalized. To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, signed by a judge, and filed with the clerk so that it may become a part of the permanent record of the court." *San Filipo v. San Filipo*, 81 Ohio App.3d 111, 112 (9th Dist.1991), citing *State v. Ellington*, 36 Ohio App.3d 76, 77–78 (9th Dist.1987).

{¶7} Here, the journal entry dated November 2, 2010 was reduced to writing, signed by a judge and filed with the clerk of courts. It dismissed this case. Heritage Woods then moved to vacate the November 2, 2010 entry. However, no subsequent journal entry issued by the trial court granted the Civ.R. 60(B) motion. The hearing notice which noted that the motion was approved cannot serve as an entry vacating the dismissal, as it is not signed by the judge. *See San Filipo* at 112. Further, a notation on the trial court's file jacket sets forth that the dismissal entry was "vacated 1-11-11" and appears to contain a stamp of the signature of the trial court judge. However, this notation contains no time-stamp or other evidence of its filing with the clerk. *See State v. Anderson*, 9th Dist. No. 19145, 1999 WL 225413, *1 (Apr. 14, 1999). Therefore, the file notation did not constitute a journal entry and, thus, was ineffective to vacate the dismissal entry.

{¶8} Accordingly, this cause was dismissed on November 2, 2010, and the trial could then "only relieve a party from judgment by the mechanisms provided by the Ohio Rules of Civil Procedure." (Citations omitted.) *Allstate Ins. Co. v. Witta*, 9th Dist. 25738, 2011-Ohio-6068, ¶ 19. "This Court has consistently treated actions taken by the trial court subsequent to the entry of a final judgment that are not within the scope of the Ohio Rules of Civil Procedure as void," as once the trial court enters final judgment, "it los[es] jurisdiction to substantively modify that final judgment." *Witta* at ¶ 9. Therefore, the trial court lacked jurisdiction to issue the June 6,

2011 journal entry. Because the journal entry from which the parties attempted to appeal is void, we lack jurisdiction to consider the appeals.

III.

{¶9} Accordingly, the June 6, 2011 journal entry from which the parties filed their appeal and cross-appeal was a nullity. The June 6, 2011 journal entry is vacated, and the appeal and cross-appeal are dismissed.

Judgement vacated,<br>and appeal dismissed.

_____

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to all parties.

CARLA MOORE
FOR THE COURT

BELFANCE, J.
CARR, J.
CONCUR.

APPEARANCES:

TED CHUPARKOFF, Attorney at Law, for Appellants/Cross-Appellees.

JOHN J. RUTTER, and MICHAEL J. CAREY, Attorneys at Law, for Appellees/Cross-Appellants.